IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re Appeal in: )<br>)<br>RUTH M. LANGFORD, )<br>)<br>    Debtor )<br>_____ )<br>)<br>WE THE PEOPLE FORMS AND SERVICE )<br>CENTERS USA, INC., CHARLIE ANDERSON )<br>CLARENCE D. SMITH, JR., MARILYN L. )<br>JONES, )<br>)<br>    Appellants, )<br>)<br>    v. )<br>)<br>U.S. BANKRUPTCY ADMINISTRATOR )<br>MICHAEL D. WEST, AND ATTORNEY )<br>GENERAL FOR THE STATE OF )<br>NORTH CAROLINA, ROY D. COOPER, )<br>)<br>    Appellees. )  | Bankruptcy Case No.<br>04-12447 C-7G<br><br><br><br><br><br><br><br><br><br>U.S. District Court Case No.<br>1:06-CV-557 |

MEMORANDUM ORDER

TILLEY, District Judge

    This matter is before the Court on motion of Appellees U.S. Bankruptcy Administrator Michael D. West and Attorney General for the State of North Carolina, Roy D. Cooper (collectively "Appellees") seeking dismissal of a bankruptcy appeal filed by appellants We The People Forms and Service Centers USA, Inc., Charlie Anderson, Clarence D. Smith, Jr., and Marilyn L. Jones (collectively "Appellants"). Appellees assert that the appeal should be dismissed for failure to prosecute because Appellants have neither filed a brief in support of

their appeal within the time proscribed by Bankruptcy Rule 8009(a)(1) nor sought an extension of time within which to file a brief.

I.

Bankruptcy Rule 8009(a)(1) provides that the appellant must serve and file a brief within fifteen days after entry of the appeal on the docket. Bankruptcy Rule 8001(a) provides provides in pertinent part:

> (a) Appeal as of Right; How Taken…. Failure of an appellant to take any step other than the timely filing of notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

Bankruptcy Rule 8001(a) (emphasis added). In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). The Fourth Circuit has held that "[u]nder the language of Rule 8001, it is clear that the district court has within its discretion the power to impose sanctions including dismissal upon an appellant for not complying with the procedural requirements of the bankruptcy rules").

To determine whether to dismiss a bankruptcy appeal for failure to timely file the appeal brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). In applying Rule 8001(a), the district court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh

2

Case 1:06-cv-00557-NCT   Document 11   Filed 07/11/07   Page 2 of 4

sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d at 1311. Proper application of the Serra Builders test requires the court to consider and balance all relevant factors.   See In re SPR Corp., 45 F.3d 70, 74 (4th Cir.1995).

In this case, the Clerk notified the parties on June 23, 2006 that this appeal had been docketed.  Pursuant to Bankruptcy Rule 8009(a)(1), Appellants' brief was due on or before July 10, 2006.  On July 10, 2006, counsel of record for Appellants, who was admitted *pro hac vice* in this matter, filed a motion for leave to make a limited appearance solely for the purpose of seeking an extension of time to file Appellants' brief.  [Doc. # 7].  In that motion, counsel sought an extension of time until August 10, 2006 for Appellants to file their brief on appeal. [Doc. # 7].  On August 14, 2006, Appellants' counsel filed a Notice of Withdrawal of Counsel and attached a Bankruptcy Court Order dated July 28, 2006 that granted counsel's motion to withdraw from the matter. [Doc. # 8, and attachment].  The Notice of Withdrawal of Counsel is the last entry on the docket prior to Appellee's Motion to Dismiss.

Approximately eleven months have passed since Appellants sought an extension of time in which to file their Appellant brief.  In that time, however, Appellants have not filed a brief, and it appears that Appellants have not retained counsel in order to assist them in the prosecution of their appeal.  The Fourth Circuit has instructed that prior to the dismissal of a bankruptcy appeal, the district

3

Case 1:06-cv-00557-NCT   Document 11   Filed 07/11/07   Page 3 of 4

sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d at 1311. Proper application of the Serra Builders test requires the court to consider and balance all relevant factors.   See In re SPR Corp., 45 F.3d 70, 74 (4th Cir.1995).

In this case, the Clerk notified the parties on June 23, 2006 that this appeal had been docketed.  Pursuant to Bankruptcy Rule 8009(a)(1), Appellants' brief was due on or before July 10, 2006.  On July 10, 2006, counsel of record for Appellants, who was admitted *pro hac vice* in this matter, filed a motion for leave to make a limited appearance solely for the purpose of seeking an extension of time to file Appellants' brief.  [Doc. # 7].  In that motion, counsel sought an extension of time until August 10, 2006 for Appellants to file their brief on appeal. [Doc. # 7].  On August 14, 2006, Appellants' counsel filed a Notice of Withdrawal of Counsel and attached a Bankruptcy Court Order dated July 28, 2006 that granted counsel's motion to withdraw from the matter. [Doc. # 8, and attachment].  The Notice of Withdrawal of Counsel is the last entry on the docket prior to Appellee's Motion to Dismiss.

Approximately eleven months have passed since Appellants sought an extension of time in which to file their Appellant brief.  In that time, however, Appellants have not filed a brief, and it appears that Appellants have not retained counsel in order to assist them in the prosecution of their appeal.  The Fourth Circuit has instructed that prior to the dismissal of a bankruptcy appeal, the district

court must consider each of the Serra Builders factors. On the current record, the Court lacks sufficient information to give meaningful consideration of these factors. Therefore, it is necessary to allow Appellants notice and the opportunity to be heard regarding the reason for their delay in prosecuting their appeal.

Within 30 days of the date of this Order, Appellants are instructed to show cause in writing why their appeal should not be dismissed for failure to prosecute. Failure to respond to this show cause order will leave the Court with no alternative but to dismiss the appeal for failure to prosecute.

This the day of July 11, 2007

    /s/ N. Carlton Tilley, Jr.
United States District Judge